UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| AYESHA WILEY, | ) | CASE NO. 1:09 CV 2723 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CITY OF OBERLIN, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

*Pro se* plaintiff Ayesha Wiley filed this action under 42 U.S.C. § 1983 against the City of Oberlin, Oberlin City Manager Eric Norenberg, Oberlin Municipal Court Judge Thomas A. Januzzi, Retired Oberlin Prosecutor James Walsh, Oberlin City Solicitor Eric Severs, Retired Oberlin Police Chief Michael Moorman, Oberlin Police Chief Thomas Miller, Oberlin Police Officer Steven Chapman, Oberlin Police Detective Vincent Ortiz, Oberlin Auxillary Police Captain Henry Wallace, Retired Oberlin Police Sergeant Clifford Barnes, Oberlin Police Officer Mark Ellis, Retired Oberlin Police Officer Timothy Diewald, Oberlin Police Officer Kevin Scali, the City of North Ridgeville, North Ridgeville Police Captain Allan Dent, North Ridgeville Police Chief Richard Thomas, Lorain County, Lorain County Prosecutor Dennis Will, Lorain County Assistant Prosecutor David P. Muhek, Lorain County Assistant Prosecutor Anthony D. Cillo, the State of Ohio, Ohio Supreme Court Assistant Disciplinary Counsel Joseph M. Calijuri, Ohio Supreme Court

Disciplinary Counsel Jonathan Coughlan, Ohio State Bar Association General Counsel Eugene Whetzel, Ohio State Bar Association Chairman Amy Bower, the Federal Bureau of Investigation ("FBI"), FBI Special Agent in Charge C. Frank Figliuzzi, FBI Attorney Paul Keppler, and John Paul Howard. In the complaint, plaintiff alleges the defendants failed to investigate and prosecute others for violations of her civil rights. She seeks $500,000,000.00 in damages.

Ms. Wiley also filed an Application to Proceed <u>In Forma Pauperis</u>. That Application is granted.

**Background**

Ms. Wiley began to date John Howard in approximately 2002.[1] At that time, Mr. Howard was also romantically involved with Sandra Houghland, with whom he had shared his home for twenty-four years. Shortly after Ms. Wiley broke the news of her relationship with Mr. Howard to Ms. Houghland, Ms. Houghland vacated the house. (Compl. at 1.) Ms. Wiley then moved into Mr. Howard's residence.

Mr. Howard had a heart attack on August 24, 2003 and was hospitalized. Ms. Wiley claims that Ms. Houghland and Mr. Howard's children did not want her to remain in Mr. Howard's home. Ms. Houghland was still named as the fiduciary on Mr. Howard's Power of Attorney and used this document to obtain control of Mr. Howard's property. With information provided by Ms. Houghland, Ms. Wiley was arrested on August 29, 2003 by Officers Chapman and Wallace for driving without a license. The car was towed, and her personal belongings were confiscated. She

---

[1] Ms. Wiley's complaint is based on a previous action filed in this Court. *See Wiley v. Oberlin Police Department*, No. 1:04 CV 2480 (N.D. Ohio 2004)(O'Malley, J.) The allegations in this complaint presume the Court has knowledge of the allegations in that action. To the extent that it is necessary to understand her current complaint, the Court includes facts from Case No. 1:04 CV 2480.

claims most of the property was missing at the time she was released from jail. During her absence, Mr. Howard's home had been padlocked, effecting her eviction from the premises and forcing her to take up residence at the Oberlin Inn. She claims she was unable to obtain her personal belongings from Mr. Howard's residence. Ms. Wiley claims she was arrested on two other occasions, once for domestic violence and once for violating a restraining order. She states the arrests were planned by then Prosecutor James Walsh.

Ms. Wiley claims in this action that the defendants failed to investigate her claims of theft and failed to prosecute the offenders. She states that although she gave a list of personal property to the police, no investigation was ever conducted. She filed complaints with the Oberlin Police Department, Lorain County authorities, and the FBI. None of them chose to pursue criminal charges. She alleges she contacted the Ohio Bar Association and the Ohio Supreme Court to pursue charges of attorney misconduct against prosecutor James Walsh. They declined to take disciplinary action against him. She contends the North Ridgeville Police Department was asked by the Lorain County Prosecutor's Office "to conduct the investigation (regarding theft issues only) of the Oberlin Police Department as a Mutual Aide, requested by the Oberlin Chief of Police Thomas Miller." (Compl. at 11.) She claims the investigation was conducted and the report generated "was the most bias[ed], libelous, and defaming document she had ever seen." (Compl. at 12.) She indicates she contacted Captain Dent and others and provided corrections, but the report was not changed. She indicates that this is a conspiracy to violate her right to due process.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, this complaint is based in whole upon Ms. Wiley's failed attempts to brings criminal charges and disciplinary charges against individuals she believes treated her unfairly. She contends that the defendants conspired to violate her right to due process. A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. *Hooks v. Hooks*, 771 F.2d 935 (6th Cir.1985). A victim of a crime, however, has no due process right to investigation and prosecution of suspects. *Johnson v. Craft*, 673 F. Supp. 191, 193 (S.D. Miss. 1987).[3] Absent a due process right, there can be no conspiracy to deny this right.

Moreover, there are no other claims either directly asserted in the pleading or apparent on its face which suggest Ms. Wiley is entitled to relief from these defendants. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

[3] *See Miller v. Dowagiac Police Department*, No. 96-2141, 1997 WL 640127 (6th Cir. Oct 14, 1997)(acknowledging that victim of vandalism had no due process right to investigation and prosecution); *Pusey v. City of Younstown*, 11 F.3d 652, 656 (6th Cir. 1993)(finding that family of negligent homicide victim did not have a due process right to notification that the charges against the perpetrator were about to be reduced).

claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The pleading standard of Rule 8 does not require "detailed factual allegations," but it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* There simply are no other causes of action asserted in the complaint.

Even if Ms. Wiley had asserted a viable claim, there are numerous fatal flaws to the pleading which would require it to be dismissed. Many of the events took place six to seven years ago, well beyond the two year Ohio statute of limitations for bodily injury that applies to §1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). In addition, United States District Judge Kathleen O'Malley already determined that Mr. Walsh, and Oberlin Police Officers did not violate Ms. Wiley's constitutional rights. *See Wiley v. Oberlin Police Department*, No. 1:04 CV 2480 (N.D. Ohio 2004)(O'Malley, J.). The claims against these defendants, and the claims against other defendants stemming from the failure to prosecute Mr. Walsh and the Oberlin Police Officers are barred by the doctrine of *res judicata*. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). Judge Januzzi is entitled to absolute judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Eric Severs, Dennis Will, David Muhek, Anthony D. Cillo, Joseph Calijuri, Jonathan Coughlan, Eugene Whetzel and Amy Bower are entitled to absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). The Eleventh Amendment bars suit against the State of Ohio. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985). A *Bivens* claim cannot be pursued against the FBI because such claims may not be brought against a federal agency. *See Fed. Deposit Ins. Corp. v.*

*Meyer*, 510 U.S. 471, 484-86 (1994); *Okoro v. Scibana*, No. 02-1439, 2003 WL 1795860 at * 1 (6th Cir. April 1, 2003)(stating that a federal prisoner cannot bring a *Bivens* action against the Bureau of Prisons). Finally, a § 1983 action can only be brought against a state actor. Mr. Howard is a private party, not a government official. Ms. Wiley failed to provide any allegation indicating he could be considered to be a state actor. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974).

## Conclusion

Accordingly, Ms. Wiley's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 1/26/10

---

[4] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.